R. SIMPSON & CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98208. Promulgated May 14, 1941.

.Gerald Donovan, Esq., for the petitioner.
Conway Kitchen, Esq., for the respondent.

500

OPINION.

OPPER: Every argument advanced by petitioner in its principal brief save one was made and considered unfavorably in *Noteman* v. *Welch* (C. C. A., 1st Cir.), 108 Fed. (2d) 206. See also *Seaboard Small Loan Corporation*, 42 B. T. A. 715; *O'Sullivan Rubber Co.*, 42 B. T. A. 721. Efforts to distinguish the *Noteman* case in the reply brief on the basis of details of operation of a pawn shop as compared to a "personal finance company", even if borne out by the record or authority which they are not, must be unavailing as falling short of impeaching the underlying principle. We may consider that "the taxpayer makes out an appealing case, but mindful of the limits of our judicial function, we cannot save the taxpayer from an exaction which Congress required of it * * *." *Noteman* v. *Welch, supra,* 215.

Petitioner attacks the constitutionality of the section if applied to its situation, a question not expressly raised in the *Noteman* case on appeal. But see 26 Fed. Supp. 437, 442. We think, however, that it was inferentially disposed of. The contention is that the section 351 surtax would operate in an arbitrary and discriminatory fashion upon petitioner. In *Noteman* v. *Welch, supra,* 209, the court quotes Congressional Committees to show "that the bill would work no real hardship upon any corporation except one that was being used to reduce the surtaxes of its stockholders, because the corporation 'can always escape this tax by distributing to its stockholders at least 90 percent of its adjusted net income.'" In the case of corporations having a handful of shareholders, a class to which the operation of the section is confined, such a distribution would scarcely cause the sort of significant burden requiring resort to the dignity and consequence of the Federal Constitution. And if corporations whose stock is more widely held are expressly omitted from the regulated group, the classification is for that very reason deprived of any discriminatory or arbitrary quality. The line may have been drawn unfortunately for petitioner, but wherever drawn someone could frustrate it if petitioner can here. Nor can it be a legitimate cause of complaint that Congress has chosen to make the section applicable to petitioner by the device of definition and characterization as a "holding company." While petitioner may not be a holding company for purposes of other statutes, it suffers no detriment by being called one here except such as would be equally severe if it were defined merely as a "taxpayer." Cf. *Helvering* v. *City Bank Farmers Trust Co.,* 296 U. S. 85.

The penalty for failing to file a personal holding company return is mandatory for the years 1934 and 1935, since no return was ever filed. *Noteman* v. *Welch, supra.* By the time the 1936 return was due, the statute had been in effect for practically three years. Each corporation income tax form had asserted the necessity that petitioner file such a return if it were a personal holding company, and petitioner's failure to file was due entirely to its erroneous impression that it was not one. This can not be the reasonable cause required by the penalty section, *Lone Pine Lawn Corporation,* 41 B. T. A. 638, and requires approval of respondent's imposition of the penalty, *Lane-Wells Co.,* 43 B. T. A. 463, without the necessity of passing upon petitioner's contention that under the wording of the 1936 Act a showing of reasonable cause entitles the taxpayer to a remission of the imposition in spite of the complete absence of even a delinquent filing.

*Decision will be entered for the respondent.*